FILED
NOV 16 2008
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS IMRIE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ERICO INTERNATIONAL CORPORATION,<br>An Ohio Corporation,<br><br>　　　　Defendant. | CIV 08-4204<br><br>**CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY** |

　　　　Plaintiff Travis Imrie ("Plaintiff") and Defendant ERICO International Corporation ("Defendant"), having stipulated to the entry of a Protective Order, having further shown good cause for entry of such a Protective Order,

　　　　IT IS HEREBY ORDERED that the following procedures and provisions shall govern Plaintiff and Defendant for material/information produced in this action, as set forth below:

　　　　1.　　This Protective Order shall govern the use and dissemination of all information, documents or materials designated as Confidential produced within this action or deemed produced.

　　　　2.　　The term "document," as used in this Protective Order shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

　　　　3.　　"Trade Secret" means documents or information not in the public domain that contain information which is proprietary or competitively sensitive whose disclosure could cause competitive injury.

　　　　4.　　Documents, information or other tangible items shall be designated as Confidential Information by marking words that in substance state:

1

Copies of Confidential Information shall not obscure this legend or other identifying Bates numbers.

5. Confidential Information shall not be disclosed other than as expressly authorized in this Order and may be disclosed only to:

    a. This Court and its personnel.

    b. Counsel of record in this litigation, in-house Counsel for the parties, staff persons employed by such Counsel, and outside vendors retained by Counsel of record for the sole purpose of document copying, scanning and/or printing.

    c. Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation provided that, prior to disclosure, counsel for the party contemplating disclosure shall determine that disclosure to an Expert of particular Confidential Information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

    d. A deponent, but only during the course of his or her deposition, or in preparation thereof.

    e. A court reporter.

    f. Plaintiff, in the presence of his counsel, and any employees of Defendant who is assisting in the preparation and trial of this litigation, provided that, prior to disclosure, counsel for the party contemplating disclosure shall determine that disclosure to each employee of particular Confidential Information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense

of the case.

    g.    Fact witnesses or potential fact witnesses, if disclosure to a potential fact witness of particular Confidential Information is, in the good faith judgment of Counsel for the party contemplating disclosure, necessary to that party's prosecution or defense of the case.

6. Confidential Information shall not be disclosed other than as expressly authorized in this Order and may be disclosed only to persons who satisfy the conditions stated in paragraphs 5.a. through e. and 7, except as modified and *further restricted* by the following subparagraphs:

    i.    Any person to whom Confidential Information may be disclosed, except this Court and its personnel, shall first be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement attached as Exhibit 1. Counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement. At the conclusion of the case, counsel will provide to counsel for the Designating Party copies of the signed agreements; and

    ii.    Confidential Information may not be disclosed to any individual, even if such person satisfies the conditions stated in paragraphs 5 a. through e. or 7, who is currently an officer, director or employee of any entity, excluding the Defendant, that is engaged in: 1) the business of the design, formulation, manufacture, sale or marketing of exothermic bonding or welding products; 2) the business of supplying ingredients or machinery used in the

manufacture of exothermic bonding or welding products; or 3) a business that competes with those in the business of exothermic bonding or welding (collectively "the Restricted Businesses").

7. If a party wishes to disclose any information designated as Confidential to any person not described in this Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless this Court, upon application by the party requesting such permission, orders otherwise.

8. Where any Confidential Information is included in any papers filed with the Court, such papers shall be marked in words that in substance state:

> CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN
> *TRAVIS IMRIE V. ERICO INTERNATIONAL CORPORATION*
> UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA,
> SOUTHERN DIVISION; CIV. 08-4204

And placed in a sealed envelope marked with the caption of the case and held under seal in accordance with the local rules and practices of this Court for such pleadings and documents. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for return of all copies of the inadvertently misdesignated documents to the Designating Party and for the submission, where appropriate, of properly labeled copies. In order to allow an opportunity for review, all deposition transcripts shall be treated and marked as Confidential for thirty (30) days after receipt by the Designating Party of the transcript from the court reporter. Within such thirty (30) days, counsel for the Designating Party shall advise the court reporter of the pages and lines on which Confidential Information appears. At the conclusion of such thirty (30)

day period, transcript pages and Exhibits containing Confidential Information shall continue to be treated as Confidential under this Order, and shall be designated:

> CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN
> *TRAVIS IMRIE V. ERICO INTERNATIONAL CORPORATION*
> UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA,
> SOUTHERN DIVISION; CIV. 08-4204

Before the transcript is distributed. The court reporter shall include on the cover page a clear indication that portions of the deposition have been designated confidential.

9. No one may attend the Confidential portions of a deposition, or review the confidential portion of transcript of any deposition, other than persons listed in paragraphs 5 and 7 and counsel for the deponent.

10. Any presentation of Confidential Information to the Court prior to the trial shall be made only in the presence of persons listed in paragraphs 5 and 7 unless the Court otherwise orders.

11. Except to the extent expressly authorized in this Protective Order, Confidential Information shall not be used or disclosed for any purpose other than the preparation for and/or trial of this case and/or appeal therefrom.

12. Any notes, summaries, compilations or copies containing Confidential Information or electronic images or databases containing Confidential Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images or databases is made or derived.

13. This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought contains Trade Secrets or Confidential Information.

14. This Protective Order is without prejudice to the right of any party to seek modification

thereof from the Court and shall remain in effect until such time as it is modified, amended or set aside by the Court.

15. This Protective Order is not intended to prohibit the use or admission of Confidential Information upon trial of this action. Issues involving the protection of Confidential Information during trial will be presented to the Court prior to or during trial as each party deems appropriate.

16. In the event that additional parties are named in this Action, neither they nor their Counsel shall have access to Confidential Information until executing the Confidentiality Agreement attached as the Exhibit hereto, and filing the agreement with the Court to reflect that addition of new counsel of record.

17. Within sixty (60) days after the final disposition of this Action, all documents and materials containing Confidential Information (other than exhibits to the official court record) shall be returned to the Designating Party or destroyed by the party receiving the documents containing Confidential Information at the expense of the receiving party. The attorneys returning documents containing Confidential Information may retain their attorney 'work product' and privileged attorney-client correspondence as may be necessary in their reasonable good judgment to comply with ethical requirements and/or insurer requirements; provided, however, that this exception shall not apply to any copies of Confidential documents that are incorporated into or attached to attorney-client communications or attorney work product.

18. Nothing in this Protective Order shall restrict or prohibit a party from seeking protections in addition to those set forth in this Protective Order for a particular document(s) or for particular testimony given in this Action.

19. The obligations of this Protective Order shall survive the termination of this Action and shall continue o restrict the disclosure and use of discovery material designated as Confidential

Information by the parties, their counsel, and all who signed a Confidentiality Agreement. Following termination of this Action, the Court will retain jurisdiction to enforce the terms of this Protective Order.

SO ORDERED, this 16th day of November, 2009.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Court Judge

ATTEST:

By /s/ Jackie Meisenheimer
Deputy Clerk

(SEAL)

_____  _____
Counsel for Plaintiff                     Counsel for Defendant

EXHIBIT 1
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS IMRIE,<br><br>        Plaintiff,<br><br>vs.<br><br>ERICO INTERNATIONAL CORPORATION,<br>An Ohio Corporation,<br><br>        Defendant. | CIV 08-4204 |

## CONFIDENTIALITY AGREEMENT

STATE OF _____ )
                                   : ss
COUNTY OF _____ )

      BEFORE ME, the undersigned authority for the State and County aforesaid, personally came and appeared: _____, who, after being duly sworn, did depose and state the following:

      1.    I have read and understand the "Protective Order" to which this Confidentiality Agreement is attached as Exhibit 1 and I attest to my understanding that access to information designated "Confidential" may be provided to me and that such access is subject; to the terms and conditions of such Protective Order. I agree to be bound by such terms and conditions. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Agreement and the Protective Order. I have not previously violated any other confidentiality agreement or protective order.

      2.    I am not currently an officer, director, employee, consultant or agent of any entity

that is engaged in any of the Restricted Businesses as that term used and defined in paragraph 6 of the Protective Order. Should such an employment opportunity become available to me, I agree to consult with the Designating Party in an effort to structure the arrangement in a way which will not pose a material risk of unauthorized use or disclosure of Confidential Information. As used in this paragraph, a "consultant" of an entity is a person who performs outsourced professional services for an entity, but who is not an employee.

3. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information as described or designated in accordance with this agreement. I understand that the Designating Parties retain all rights to enforce the Protective Order and all remedies regarding any violations of the same.

_____  _____
Dated                                                                   Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented

Subscribed and sworn to before me this
_____ day of _____, 2009.

_____
Notary Public

My Commission Expires: _____